**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNIVERSAL MERIDIAN E-COMMERCE, INC. and MERIDIAN ENTERPRISES, INC.;** | |
| **Plaintiffs,** | **Case No.:** |
| **v.** | **JURY TRIAL DEMANDED** |
| **STEVEN PUCHALSKY, AMY DOBELMANNN, and GAPP GROUP, LLC** | |
| **Defendants.** | |

**VERIFIED COMPLAINT FOR**
<u>**INJUNCTIVE AND OTHER RELIEF**</u>

Plaintiff Universal Meridian E-Commerce, Inc. ("UMEC") and Meridian Enterprises, Inc. ("MEC") (collectively, "Meridian" or "Plaintiffs"), by and through their undersigned counsel, for their Verified Complaint for Injunctive and Other Relief against Steven Puchalsky ("Puchalsky"), Amy Dobelmannn a.k.a. Amy Thomas ("Dobelmannn"), and the Gapp Group, LLC ("Gapp") (collectively "Defendants") state as follows:

## I.     <u>INTRODUCTION</u>

1.     This is an action to redress Defendants' breach of duty and contract, computer fraud and abuse, misappropriation of trade secrets and interference with business expectancy and contracts.

2.     Plaintiffs seek injunctive relief requiring Defendants to abide by statutory and common law and contractual agreements executed by them, requiring Defendants to return any improperly obtained information, and enjoining Defendants from improperly using such

information to their competitive advantage, along with full compensation, including attorneys' fees, for the torts and other claims described herein.

## II.     THE PARTIES

3.     Universal Meridian E-Commerce, Inc. ("UMEC") is organized under the laws of the State of Missouri with its principal place of business in Hazelwood, Missouri.

4.     Meridian E-Commerce, Inc. ("MEC") is organized under the laws of the State of Missouri with its principal place of business in Hazelwood, Missouri.

5.     UMEC is a subsidiary of MEC which is organized under the laws of the State of Missouri with its principal place of business in Hazelwood, Missouri.

6.     Defendant Stephen Puchalsky is a citizen of the State of Florida and resides at 5200 South Sterling Ranch; Circle Davie, FL 33314.

7.     Defendant Amy Dobelmannn is a citizen of the State of Missouri and resides at 612 Roewe Drive, New Haven, MO 63068.

8.     Defendant Gapp Group, LLC is organized under the laws of the State of Florida starting in December 2016, with its principal place of business in Hollywood, Florida. Gapp is licensed to do business in the State of Missouri and maintains a registered agent in Missouri.

## III.     JURISDICTION AND VENUE

9.     The Court has federal question jurisdiction over Counts I and II of this Complaint, which are claims under the Computer Fraud & Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.* and the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833 *et seq.*, respectively.

10.     The Court has supplemental jurisdiction over the remaining Counts contained in this Complaint.

11.     Plaintiffs and Defendants previously entered into employment agreements consenting to jurisdiction in the Courts of St. Louis County, Missouri.

12.     The Court has personal jurisdiction pursuant to Fed. R. Civ. P. § 4(K)(1)(a) and RSMo § 506.500(1-3) in that Plaintiffs' causes of action arise from Defendants' transacting business, contracting and commission of tortious acts in the state of Missouri as described throughout this Complaint.

13.     Venue is appropriate in this Court inasmuch as the Plaintiffs and Defendants reside or otherwise can be found within the District, and the conduct giving rise to these claims occurred within the District.

## IV.     EVENTS GIVING RISE TO ALL CAUSES OF ACTION

### A.     BACKGROUND

14.     Plaintiffs Meridian are engaged in the highly competitive business of complete, outsourced ecommerce solutions to global brands in a wide variety of industries. To that end, Meridian offers Merchant of Record Services, E-Commerce Platforms and Solutions, Sales Incentive Programs, Employee Engagement Platforms, Performance Improvement Incentives, Consumer Loyalty Applications, Brand Loyalty Applications, and Channel/Distributor Loyalty Incentives.

15.     Meridian creates and maintains a significant amount of confidential information regarding their customers, vendors, and products that enables it to provide products and services that meet their customers' needs. Meridian invests substantial time, money, and effort developing and maintaining relationships with its customers and vendors, as well as developing, compiling, and maintaining confidential information regarding their customers, vendors, and products.

16.     The confidential information Meridian has developed includes technical, financial and/or business information about Meridian which is not published or readily available to the public including, but not limited to: customer contact information, Social Security numbers, personal financial information; contract terms; revenue and expense information, reports and projections; marketing concepts and plans; procedures; manuals; databases; computer software and programs; information about the experience, skill-set and compensation of other employees; and lists of and other information pertaining to and/or received from employees and/or customers (hereinafter "Confidential Information").

17.     The trade secrets Meridian has developed include formulas, patterns, compilations, programs, methods, techniques, and processes for marketing and selling its products to its customers (hereinafter "Trade Secrets").

18.     Specifically, Meridian's trade secrets include, but are not limited to, expertise, know-how, pricing, customer lists, vendors, software, employees and their specific skill-sets, financial analysis and reporting, marketing, and strategic initiatives.

19.     Meridian has invested considerable time and expense in developing and maintaining its Confidential Information and Trade Secrets, which gives Meridian a competitive advantage and is not known or readily ascertainable outside Meridian.

20.     Meridian has engaged in efforts that are reasonable under the circumstances to maintain the confidentiality and secrecy of its Confidential Information and Trade Secrets.

21.     Among other things, Meridian requires employees to sign an agreement pursuant to which they agree to maintain the confidentiality of Meridian's Confidential Information and Trade Secrets and further to not use that information outside their employment with Meridian.

22.     Defendant Gapp is engaged in direct competition with Meridian. According to Gapp's LinkedIn profile and website, Gapp's mission "is to make … customers successful by "filling the gaps" with profitable solutions in the e-commerce and loyalty industries. Gapp Group is a leading provider of high-end customer services and implementation of e-commerce and loyalty solutions" *See* **Exhibit A,** Gapp Group LinkedIn Profile. Gapp's list of services and products include Loyalty Incentives, Merchant of Record Services and E-Commerce Platform and Integration Services. *See* **Exhibit B,** Gapp Group Website.

23.     Defendant Puchalsky is currently listed as a co-founder of Gapp and the Head of Sales and Marketing at Gapp. His job duties at Gapp are generally listed as overseeing all Sales and Marketing activities for Gapp. *Id*.

24.     Defendant Dobelmannn is currently listed as the Head of Client Success at Gapp. Her job duties are generally listed as overseeing all client projects and operations. *Id*.

25.     Garrett Lehman ("Lehman"), also another former employee of Meridian, is also listed as another of Gapp's co-founders. His title is Head of Technology and his job duties at Gapp are generally listed as overseeing technical operations including architectural design, development, testing, infrastructure and delivery. *Id*.

26.     All three of these individuals, Lehman, Puchalsky and Dobelmannn, were previous high-ranking employees of Plaintiffs.

27.     Lehman last held the title of Vice President of E-Commerce Technology at Meridian. On information and belief, he resigned from Meridian on or around December of 2008. His general job duties consisted in Informational Technology responsibilities, which specifically gave him exhaustive knowledge of all Plaintiffs' computer systems and security measures for its Confidential Information and Trade Secrets.

**B.**     **DEFENDANT PUCHALSKY'S EMPLOYMENT WITH MERIDIAN**

28.     Defendant Puchalsky began his employment with Meridian on October 15, 1991.

29.     During his employment with Meridian, Puchalsky held numerous positions. At the time of his resignation, and at all times relevant, Defendant Puchalsky held the position of Executive Vice President of Sales and Incentives and also served as the National Accounts Manager.

30.     In Puchalsky's role he had full responsibility for client relationships, development, marketing, operations, and sales. Puchalsky oversaw a staff who performed administrative functions for his clients and oversaw operations. Since his commissions were based in part on profitability, he and his team were responsible for managing costs, providing customer service, and client support.

31.     In his capacity as Executive Vice President, Defendant Puchalsky had direct, continuous, and extensive access to, and acquired considerable knowledge concerning Meridian's Confidential Information and Trade Secrets.

32.     In his capacity as Executive Vice President, Defendant Puchalsky became well acquainted with Meridian's customers and vendors and with their needs and future plans as well as with all secret methods and processes used by Meridian in the conduct of their business. In furtherance of this, Meridian invested substantial sums of money to train Puchalsky in order to facilitate Puchalsky becoming more effective in his job duties and responsibilities as an Executive Vice President, which enhanced Defendant Puchalsky's standing and goodwill with Meridian's customers and vendors, which in turn benefited Meridian's business.

33.     In the second half of 2019 and continuing through Puchalsky's voluntary resignation in July 2020, Plaintiffs, in good faith, engaged in discussions with Defendant

6

Puchalsky to renew his employment. In furtherance of this effort, Plaintiffs offered Puchalsky an employment agreement and engaged in substantial discussions with Puchalsky about his continued employment with Plaintiffs.

34.    Unbeknownst to Plaintiffs, in addition to his employment with Meridian, on information and belief, in or around December 2016, Defendant Puchalsky and Lehman, co-founded Defendant Gapp. *See* **Exhibit B**, Gapp Group Website (listing Puchalsky and Lehman as co-founders).

35.    Meridian first learned of Defendant Puchalsky's formation of Defendant Gapp on or about January 21, 2020.

36.    Shortly thereafter, in or about February 2020, Plaintiffs, through their CEO Sam Toumayan, confronted Defendant Puchalsky about his ownership in Defendant Gapp. Puchalsky indicated that Gapp was not in competition with Meridian, that Gapp was inactive, and not to worry because this was just Puchalsky's nest egg so he could retire someday.

37.    Contrary to Puchalsky's assurances, Defendant Gapp, through Puchalsky, Lehman and Dobelmannn had already and continued, in fact, to conspire against and directly compete with Meridian and to fraudulently take and utilize, both without and in excess of their authorization, Meridian's Confidential Information and Trade Secrets all to Gapp's competitive advantage.

38.    On July 24, 2020, Puchalsky submitted an electronic notice of resignation of employment to Meridian, effective July 31, 2020. *See* **Exhibit C**, Email resignation from Defendant Puchalsky.

39.    After his resignation, Plaintiffs learned, contrary to his earlier representations, that Puchalsky was actually working for and on behalf of Gapp while he was employed with Meridian.

In addition, Plaintiffs have learned Defendant Gapp, is in direct competition with Meridian, as set forth in Paragraph 22, above.

40.     As a result, on August 23, 2020, Meridian notified Defendant Puchalsky that he and Defendant Gapp were in violation of Puchalsky's restrictive covenants with Meridian. *See* **Exhibit D**, Email notification to Defendant Puchalsky of violation.

41.     On or around August 24, 2020, Meridian spoke with Defendant Puchalsky over the telephone to warn him of his violation of his restrictive covenants and to ask him to immediately cease and desist. Defendant Puchalsky, co-founder of Defendant Gapp, refused to cease and desist his activities.

42.     On information and belief, as of the present, Defendant Puchalsky, co-founder of Defendant Gapp, has continued to possess and make unauthorized use of Meridian's Confidential Information and Trade Secrets to the benefit and competitive advantage of himself and Defendant Gapp.

## C.     DEFENDANT PUCHALSKY AGREED TO CERTAIN RESTRICTIVE COVENANTS

43.     On August 11, 2010, for and in consideration of Defendant Puchalsky's continued employment with Meridian, access to its Confidential Information and Trade Secrets, and access to Meridian's customers and vendors, Puchalsky signed an agreement applicable to and extending beyond his employment with Meridian (the "Puchalsky Agreement"). A true and correct copy of which is attached as **Exhibit E** and its contents are incorporated herein by reference.

44.     The Puchalsky Agreement contains, among other provisions, non-disclosure, non-compete, and enforcement provisions, which provide that:

> **Non-Disclosure** … You agree that in consideration for Meridian agreeing to pay you as described in this Agreement, that information such as, but not limited to pricing, profit, product development,

account list and business strategies provided by Meridian and/or its customers as confidential and that release of that information would be damaging to Meridian, its employees, affiliates, subsidiaries and/or customers.  You therefore, agree not to disclose that information in any manner except as is necessary to perform your obligations under this Agreement.  All information and other materials furnished by Meridian or its customers shall be returned to Meridian upon termination of this Agreement and kept confidential by you.  Further, you agree that information as described cannot be released in the event that you are no longer an employee of Meridian unless you first receive written approval from an authorized officer of Meridian.  In the event that Meridian, in the course of doing business with a customer enters into a specific confidentiality agreement with that customer, you agree to abide by the terms of this agreement.  Since most customers require a confidentiality agreement, you agree to treat all information, including (but not by way of limitation) any written or printed material furnished to you from Meridian or any customer relating in any way to Meridian's or any customer's Agreement may be enforced by a proceeding either in arbitration … or in a court of law, as Meridian chooses, regardless of any other provision in this Agreement and you further agree that should Meridian prevail in whole or in part in such proceeding, that Meridian will be entitled to recover from you, its reasonable attorney's fees and costs.  This provision on Non-Disclosure will survive the termination of your employment with Meridian.



**Agreement Not to Compete**. In consideration of Meridian agreeing to compensate you as described above, and providing employment and the benefits associated with that employment, you hereby agree that for a period of one (1) year after the date of your leaving the employment of Meridian … you will not, on your own behalf, or on behalf of anyone else, call on, solicit, sell to, attempt to sell to, or attempt to secure business providing any products or services which Meridian has to any client  or customer that has agreed or contracted to do business with Meridian and you have had contact with any of the client's agents, servants or employees.  As to those clients or potential clients that you have called on or contacted on behalf of Meridian for the purposes of selling Meridian's products or services at any time within one (1) prior to the date of the termination of your employment, you agree that you will not, on your own behalf or on the behalf of anyone else, call on, solicit, sell to, attempt to sell to or attempt to secure business products or services, that same as or similar to Meridian's products or services for a period of one (1) year after the date of termination of your employment … This

provision may be enforced by either arbitration or a lawsuit in a court in St. Louis County, Missouri[1] as Meridian in its sole discretion shall select.  In the event of any breach of this Agreement, Meridian shall be entitled to recover any monetary damages and also be entitled to an injunction to prevent further breach.  Should Meridian file suit to enforce this provision, it shall be entitled to recover its reasonable attorney's fees should it prevail in whole or in part in the lawsuit.

45.     The Non-Disclosure section requires Puchalsky to maintain the confidentiality of and not use or disclose Meridian's Confidential Information or Trade Secrets. *Id*.

46.     The Agreement not to Compete section requires Puchalsky not to "on your own behalf or on the behalf of anyone else, call on, solicit, sell to, attempt to sell to or attempt to secure business products or services, that [are the] same as or similar to Meridian's products or services for a period of one (1) year after the date of termination of your employment." *Id*.

47.     The Enforcement sections in these two clauses acknowledge together that any violation of the Puchalsky Agreement will result in unrepairable injury to Meridian and that Meridian is entitled to seek damages and injunctive relief for any such violation. *Id*.

**D.     DEFENDANT DOBELMANNN'S EMPLOYMENT WITH MERIDIAN**

48.     Defendant Dobelmannn began her employment with Meridian on or around October 2, 1995.

49.     During her employment with Meridian, Defendant Dobelmannn held numerous positions. At the time of her resignation, and at all times relevant, Defendant Dobelmannn held the positions of Account Director and had responsibility for managing the administration and operations of programs and client communications.

---

[1] Again, this Court has supplemental jurisdiction over the state law claims because of the federal question claims set forth herein.

50.     In her capacity as Account Director, Defendant Dobelmannn had direct, continuous, and extensive access to, and acquired considerable knowledge concerning, Meridian's Confidential Information and Trade Secrets, including, but not limited to, direct and frequent access to Meridian's clients.

51.     In her capacity as Account Director, Defendant Dobelmannn became well acquainted with Meridian's customers and vendors and with their needs and future plans as well as with all secret methods and processes used by Meridian in the conduct of its business. In furtherance of this, Meridian invested substantial sums of money to train Defendant Dobelmannn in order to facilitate Defendant Dobelmannn becoming more effective in her job duties and responsibilities as Account Director, which enhanced Defendant Dobelmannn's standing and goodwill with Meridian's customers and vendors, which in turn benefited Meridian's business.

52.     Defendant Dobelmannn, during her time employed with Meridian, often worked closely with Lehman and then Defendant Puchalsky.

53.     Defendant Dobelmann submitted her resignation and her last day worked for Meridian was June 30, 2020.

54.     Defendant Dobelmann is now employed with Defendant Gapp as its Head of Client Success (*see* https://www.gappgroup.com/about), working under the co-founders of Gapp, Defendant Puchalsky and Lehman.

E.     **DEFENDANT DOBELMANN AGREES TO CERTAIN RESTRICTIVE COVENANTS**

55.     On January 2, 2003, for and in consideration of Dobelmann's continued employment with Meridian, access to its Confidential Information and Trade Secrets, and access to Meridian's customers and vendors, Dobelmann signed an agreement applicable to her

employment with Meridian (the "Dobelmann Agreement"). A true and correct copy of this agreement is attached as **Exhibit F** and its contents are incorporated herein by reference.

56.     The Dobelmann Agreement contains non-disclosure and enforcement provisions, which provide that:

> **<u>Non-Disclosure Agreement</u>** … You agree that as described in this document, that any information such as, but not limited to pricing, profit, product development, software architecture and code, account lists, customer lists, independent contractor lists, business strategies, compensation policy or individual compensations, and vendors are confidential and that release of that information would be damaging to MEC, their employees, affiliates, subsidiaries and/or customers.
>
> You acknowledge that MEC's business (including, but not by way of limitations, all of the aforementioned items) has been developed and/or purchased at great cost and you benefit from these investments by virtue of your employment at MEC.
>
> You agree that all information and other materials that you come into contact with which is furnished by MEC or developed by MEC or their customers shall be kept strictly confidential.  You agree not to disclose any information to any third party, including, but not limited to, contractors, consultants and former MEC employees. Further, you agree that you will not discuss or in any way disclose this information to any co-worker, other than your team leader, your direct supervisor, the members of your team and the officers of MEC.
>
> In the event that MEC, in the course of doing business with a customer enters into a specific confidentiality agreement with that customer, you agree to abide by the terms of this agreement.  Since customers often require a confidentiality agreement, you agree to treat all information, including (but not by way of limitation) any written or printed material furnished to you from MEC or any customer relating in any way to MEC or any customer of MEC as confidential.
>
> This agreement may be enforced by a court proceeding and you agree that should MEC prevail in whole or in part in such proceeding, that MEC will be entitled to recover from you, its reasonable attorney's fees and costs.

> You agree that all provisions of Non-Disclosure Agreement will survive the termination of your employment with MEC for a period of two years after your termination.

57.     The Non-Disclosure section requires Dobelmann to maintain the confidentiality of and not use or disclose Meridian's Confidential Information or Trade Secrets. *Id*.

58.     The Enforcement section acknowledges that any violation of the Dobelmann Agreement will result in unrepairable injury to Meridian and that Meridian is entitled to seek relief for any such violation. *Id*.

**F.      MERIDIAN'S HANDBOOK PROHIBITS DISCLOSURE OF CONFIDENTIAL INFORMATION**

59.     Aside from the restrictive covenants listed above that both Dobelmann and Puchalsky agreed to regarding Confidential Information and Trade Secrets, Plaintiffs engage in a number of ways to protect the security of their Confidential Information and Trade Secrets:

a.  In the Employee Handbook, a large number of the examples given of, "[c]onduct which could result in discipline up to and including discharge" includes theft, misuse, or damage of the Plaintiffs' property, including their Confidential Information or Trade Secrets, e.g., "[r]eckless or willful damage to Company property or to the property of coworkers, customers, or any other person"; "[u]nauthorized removal of Company property from the Company premises"; "Willful neglect of duty"; "[w]illful violation or disregard of safety, health, fire, security or employment regulations signs and notices"; "[t]heft of company property or the property of another employee"; and "[f]ailing to maintain the confidentiality of Company, customer, or client information";

b.  In the Social Media Policy section of the Employee Handbook, employees are reminded that "[a]t no time are employees permitted to disclose confidential information about the Company, its employees or clients";

c.  Furthermore, there is a complete section on Confidential Information in the Employee Handbook, which reads:

    i.  You are employed by the Company in a capacity that creates a relationship of confidence and trust between you and the Company. You may obtain confidential information regarding the Company in the course of your employment, and the Company will suffer substantial damage if you disclose that information.  Therefore, you are required to hold confidential,

and you may not disclose or make use of, except for the benefit of the Company, any confidential information, knowledge or data of the Company that you may produce or obtain in the course of your employment. This commitment applies throughout your employment with the Company and at all times thereafter.  The term "Confidential Information" shall, for the purposes of this policy, include all information not generally known to the public or in the trade that the Company owns or controls.  Confidential Information also includes proprietary information received by the Company from third parties under obligations of confidence.  You must handle all information developed or obtained in the course of your employment as Confidential Information unless otherwise directed in writing by Universal Meridian E-Commerce, Inc's President.

d.  All computers are password protected;

e.  Periodic training regarding Information Technology security.

A true and correct copy of the Employee Handbook in effect before Dobelmann and Puchalsky resigned is attached as **Exhibit G** and its contents are incorporated herein by reference.

## G.   DEFENDANTS CONSPIRE TO MISAPPROPRIATE MERIDIAN'S TRADE SECRETS AND UNFAIRLY COMPETE

60.   As early as February 2020, while Defendants Dobelmann and Puchalsky remained employed with Meridian, Lehman (the other co-founder of Defendant Gapp) elicited Confidential and Trade Secret Information regarding Meridian's Merchant of Record and Vendor services. On March 2, 2020, five days later, Dobelmann responds with the Confidential and Trade Secret Information. *See* **Exhibit H,** Email chain between Lehman, Puchalsky and Dobelmann.

61.   On information and belief, Defendant Puchalsky solicited Dobelmann to become an employee of Defendant Gapp, by at least February of 2020, if not sooner.

62.   Indeed, the investigation into Dobelmann's email account revealed numerous instances of Defendants Puchalsky and Gapp, along with Lehman, requesting and receiving Meridian's Confidential Information and Trade Secrets, including client contract examples, non-public marketing research and even using Meridian Confidential Information and Trade Secrets to

contact Meridian clients using Dobelmann's Meridian email and position on behalf of Defendant Gapp in order to solicit them and compete directly with Meridian.

63.     On information and belief, Puchalsky and Dobelmann were utilizing their positions at Meridian in order to obtain Meridian's Confidential Information and Trade Secrets for the benefit of Defendant Gapp to compete directly with Meridian since at least as early as February 2020, but likely as early as the founding of Gapp all the way back to 2016.

64.     Lehman, Puchalsky, and Dobelmann, on behalf of Gapp began competing against Meridian at least as early as March 2020, but likely earlier, and engaged in submitting leads developed from Meridian's confidential and trade secret information to Gapp instead of to Meridian. This was as a direct result of Defendants' unauthorized access, fraudulent acquisition and utilization of Meridian's Confidential Information and Trade Secrets.

65.     Lehman and Puchalsky, on behalf of Gapp, solicited through Dobelmann, one of Meridian's clients, Petsafe, in or around March of 2020. While they did not accept Gapp's immediate offer, they did promise to work with them in the future. *See* **Exhibit I**, email thread between Lehman, Puchalsky, Dobelmann and Petsafe.

66.     In or around March of 2020, Lehman and Puchalsky, on behalf of Gapp, solicited from Dobelmann, Confidential and Trade Secret information regarding vendors that Meridian had formed relationships with that gave Meridian a competitive advantage and that Meridian had spent substantial time and money developing. *See* **Exhibit J**, email thread between Lehman, Puchalsky, and Dobelmann.

67.     It is likely, given all of the facts herein, that Gapp, through Lehman, Puchalsky and Dobelmann, succeeded in obtaining one or more of Meridian's customers as a direct result of

Defendants' unauthorized access, fraudulent acquisition and utilization of Meridian's Confidential Information and Trade Secrets.

68.    Defendants conspired together to obtain Meridian's Confidential Information and Trade Secrets for Defendant Gapp's competitive advantage and in order to divert business from Meridian to Gapp.

69.    Meridian has not authorized Defendants to use any of its Confidential Information or Trade Secrets beyond their employment with Plaintiffs.

70.    Upon information and belief, prior to the end of their employment with Meridian, Puchalsky and Dobelmann deleted emails and other electronic data in order to conceal their use and disclosure of Meridian's Confidential Information and Trade Secrets.

71.    Meridian has incurred expenses in excess of $5,000.00 to investigate and remedy the damage caused by Puchalsky and Dobelmann's actions in deleting emails and other electronic information and other actions taken to cover up their conspiracy. For example, due to Puchalsky and Dobelmann's high ranking titles and broad access to Meridian's computer systems, Confidential Information and Trade Secrets, Meridian had to extensively investigate through interviews of numerous employees, advice on how to conduct such an investigation and any notice required to clients and/or employees, the production of financial reports, searches for possible fraud, and searches for lost clients all as a result of Puchalsky, Dobelmann and Gapp's actions.

72.    Upon information and belief, Puchalsky and Dobelmann, during their employment with Meridian and following their separation from Meridian, have used and disclosed Meridian's Confidential Information and Trade Secrets to compete with Plaintiffs.

73.     Upon information and belief, Puchalsky and Dobelmann, during their employment with Meridian and following their separation from Meridian, have used and disclosed Meridian's Confidential Information and Trade Secrets to Defendant Gapp and on their behalf.

74.     Upon information and belief, Puchalsky and Dobelmann intend to continue using and disclosing Meridian's Confidential Information and Trade Secrets for and on behalf of themselves and Defendant Gapp.

75.     By using and disclosing Meridian's Confidential Information and Trade Secrets, Puchalsky and Dobelmann have violated their respective employment agreements.

76.     Upon information and belief, Defendant Gapp was aware of Puchalsky and Dobelmann's obligations under their respective employment agreements and encouraged them to violate same.

77.     Puchalsky and Dobelmann were aware of each other's obligations under their respective employment agreements and encouraged each other to violate same.

78.     Defendant Gapp is aware of Puchalsky and Dobelmann's obligations under their respective employment agreements and have unjustly benefitted from Puchalsky and Dobelmann's continued use and disclosure of Meridian's Confidential Information and Trade Secrets.

79.     Defendant Gapp intends to continue to unjustly benefit from Puchalsky and Dobelmann's continued breach of their obligations under their respective employment agreements.

80.     Upon information and belief, Defendants are currently using Meridian's Confidential Information and Trade Secrets to offer, market, and sell (or making preparations for same) incentive programs, e-commerce platform and integration services, and merchant of record services for the purpose of competing with Plaintiffs.

**COUNT I**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 *et seq.***

81.     Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

82.     Defendants Puchalsky and Dobelmann fraudulently or intentionally exceeded their authorization to access Meridian's protected computers and protected computer network.

83.     Defendant Gapp was without authorized access to Meridian's protected computers and protected computer network.

84.     At the time they engaged in such conduct, Defendants Gapp, Puchalsky and Dobelmann were acting in their own interests and not in the interest of Meridian.

85.     Defendants Gapp, Puchalsky and Dobelmann's actions have damaged Plaintiffs in an amount of at least $5,000.00.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, under this count of Plaintiffs' Complaint as follows:

A.  Defendants be preliminarily, and permanently enjoined and restrained as follows:

   i.    That Defendants will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

   ii.   That Defendants shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendants obtained, learned, created, or was made aware of during their employment with Meridian.

iii.   That Defendants are prohibited from using, relying upon, or disclosing to Lehman, Gapp or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by Defendants Puchalsky or Dobelmann in the course of or arising out of their employment by Meridian.

iv.   For an accounting of all monies and profits realized by Defendants as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

v.   For an Order restraining Defendants from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

vi.   For an Order requiring Defendants to maintain and preserve all computerized or other electronically stored information on their business and home computers.

vii.   For an Order requiring Defendants to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.   For monetary damages in an amount equal to the loss sustained by Plaintiffs as a result of Defendants' misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.   For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendants and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendants engaged in any fraudulent or intentional misconduct; and

D.   Award of costs associated with Meridian's computer investigation; and

E.   For further relief the Court deems just and reasonable.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS
## IN VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. 1833 *et seq.*

86.   Plaintiffs incorporates herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

87.     Meridian's Confidential Information and Trade Secrets constitute trade secrets as defined in the Defend Trade Secrets Act, 18 U.S.C. § 1833, *et seq.* ("DTSA").  This information has independent economic value because it is not generally known to and readily ascertainable by proper means by other persons who can obtain economic value from its use.

88.     Meridian takes reasonable measures to protect the confidentiality of its trade secrets, including the use of non-disclosure covenants, their Employee Handbook, cyber-security training of employees and password-protected computers.

89.     Meridian's trade secrets are related to a product or service used in, or intended for use in, interstate or foreign commerce.

90.     Defendants Puchalsky and Dobelmann had access to trade secret information while they worked for Meridian, which was provided exclusively in the furtherance of  Meridian's business.  Upon information and belief, Defendants Gapp, Puchalsky and Dobelmann acquired, misappropriated, and/or threatened to misappropriate Meridian's trade secrets by acquiring and disclosing the trade secrets through improper means.

91.     Upon information and belief, during and/or after Defendants Puchalsky and Dobelmann terminated their employment relationship with Meridian, they continued to unlawfully access Meridian's trade secrets and misappropriate Meridian's trade secrets through improper means and for their own benefit and use, and on behalf of and for the benefit and use of Defendant Gapp and themselves.

92.     Upon information and belief, Defendants misappropriated Meridian's trade secrets by, among other things, disclosing and using Meridian's trade secrets without Meridian's consent, when Defendants knew or had reason to know that the trade secrets were acquired through improper means, or were acquired under certain circumstances giving rise to a duty to maintain

their secrecy and/or limit their use, or acquired by a person who owed a duty to Meridian to maintain their secrecy or limit their use.

93.     Defendants willfully violated the provisions of the DTSA by engaging in conduct that misappropriates trade secrets and threatens the misappropriation of trade secrets belonging to Meridian, which are not generally available to the public, and which have been developed or acquired by Meridian through great effort and expense.

94.     Unless Defendants are enjoined from engaging in conduct that discloses and uses Meridian's trade secrets, Plaintiffs will continue to be immediately and irreparably harmed since a competitor will receive and have the use of the trade secret information developed and maintained by Meridian that is not generally known to the public or the competitor through proper means, and the Defendants will be able to use such trade secrets to their economic advantage and to Plaintiffs' detriment.

95.     As a direct and proximate result of Defendants' breach or threatened breach of Meridian's trade secrets, Plaintiffs suffered and will continue to suffer damages, and additional and substantial irreparable harm.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, under this count of Plaintiffs' Complaint as follows:

A.  Defendants be preliminarily and permanently enjoined and restrained as follows:

    i.    That Defendants will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

    ii.     That Defendants shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendants obtained, learned, created, or was made aware of during their employment with Meridian.

    iii.    That Defendants are prohibited from using, relying upon, or disclosing to Defendant Gapp or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by Defendants in the course of or arising out of their employment by Meridian.

    iv.    For an accounting of all monies and profits realized by Defendants as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

    v.    For an Order restraining Defendants from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

    vi.    For an Order requiring Defendants to maintain and preserve all computerized or other electronically stored information on their business and home computers.

    vii.    For an Order requiring Defendants to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.    For monetary damages in an amount equal to the loss sustained by Plaintiffs as a result of Defendants' misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.    For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendants and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendants engaged in any fraudulent or intentional misconduct; and

D.    Award of costs associated with Meridian's computer investigation; and

E.    For further relief the Court deems just and reasonable.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS
## IN VIOLATION OF MISSOURI TRADE SECRETS ACT

96.     Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

97.     Meridian's Confidential Information and Trade Secrets are the result of years of work developing its business and constitute trade secrets within the meaning of applicable law, including but not limited to Missouri common law and under the Missouri Uniform Trade Secrets Act.

98.     The Confidential Information and Trade Secrets acquired and developed by Meridian derive independent economic value from the fact that they are not generally known to or readily accessible by the public.

99.     Defendants have unlawfully taken, utilized and disclosed Meridian's Confidential Information and Trade Secrets.

100.     Defendants Puchalsky and Dobelmann's operation of Defendant Gapp creates a real threat that they will continue to use and/or disclose the Confidential Information and Trade Secrets of Meridian, which threatened continued use and disclosure may be enjoined under applicable law.

101.     Defendants have used Meridian's Confidential Information and Trade Secrets to assist in entering into competition with Plaintiffs, to grant Defendants a competitive advantage, and to advance and improve Defendants' business.

102.     Defendants Puchalsky and Dobelmann's operation of Defendant Gapp will lead to continued inevitable disclosure and use of Meridian's Confidential Information and Trade Secrets and/or there is a real threat of misappropriation of the same.

103.   There is a substantial threat that Defendants will continue to disclose and use Meridian's Confidential Information and Trade Secrets as defined under applicable law, and thereby misappropriate that Confidential Information and Trade Secrets.

WHEREFORE, Plaintiffs pray for judgment in its favor and against Defendants, under this count of Plaintiffs' Complaint as follows:

A.  Defendants be preliminarily and permanently enjoined and restrained as follows:

i.      That Defendants will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

ii.     That Defendants shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendants obtained, learned, created, or was made aware of during their employment with Meridian.

iii.    That Defendants are prohibited from using, relying upon, or disclosing to Defendant Gapp or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by Defendants Puchalsky or Dobelmann in the course of or arising out of their employment by PHFS.

iv.     For an accounting of all monies and profits realized by Defendants as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

v.      For an Order restraining Defendants from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

vi.     For an Order requiring Defendants to maintain and preserve all computerized or other electronically stored information on their business and home computers.

    vii.    For an Order requiring Defendants to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.  For monetary damages in an amount equal to the loss sustained by Plaintiffs as a result of Defendants' misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.  For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendants and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendants engaged in any fraudulent or intentional misconduct; and

D.  Award of costs associated with Meridian's computer investigation; and

E.  For further relief the Court deems just and reasonable.

## COUNT IV
## BREACH OF DUTY OF LOYALTY
### (Defendants Puchalsky and Dobelmann)

104.    Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

105.    During the term of their employment with Meridian, Defendants Puchalsky and Dobelmann owed Plaintiffs a duty of loyalty.

106.    During the term of their employment with Meridian, Defendants Puchalsky and Dobelmann acted contrary to Plaintiffs' interests.

107.    During the term of their employment with Meridian, Defendants Puchalsky and Dobelmann acted in direct competition with Plaintiffs.

108.    Defendants Puchalsky and Dobelmann's breach of their duty of loyalty to Plaintiffs caused Plaintiffs to suffer damages in an amount to be determined at trial and for which Plaintiffs now sue.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Puchalsky and Dobelmann under this count of Plaintiffs' Complaint for punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

**COUNT V**
**<u>BREACH OF CONTRACT</u>**
**<u>(Defendant Puchalsky)</u>**

109.   Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

110.   Defendant Puchalsky agreed to abide by the terms of his respective Confidentiality and Non-Solicitation Agreements.

111.   The Confidentiality and Non-Solicitation Agreements constitute valid enforceable contracts supported by adequate consideration.

112.   The provisions contained in Defendant Puchalsky's Confidentiality and Non-Solicitation Agreements are reasonable and no greater than fairly required to protect and preserve Meridian's legitimate protectable interests in its Confidential Information and Trade Secrets.

113.   Meridian has fulfilled all of its obligations under the Confidentiality and Non-Solicitation Agreements and all other conditions precedent to the operation of the agreements have occurred or taken place.

114.   UMEC is a third-party beneficiary to the Confidentiality and Non-Solicitation Agreements.

115.   Defendant Puchalsky violated the provisions of his respective Confidentiality and Non-Solicitation Agreements.

116.    Plaintiffs have been damaged and will continue to be damaged by Defendant Puchalsky's breach of his respective Confidentiality and Non-Solicitation Agreements.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant Puchalsky, under this count of Plaintiffs' Complaint as follows:

A. Defendant Puchalsky be preliminarily and permanently enjoined and restrained as follows:

    i.    That Defendant Puchalsky will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

    ii.    That Defendant shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendant Puchalsky obtained, learned, created, or was made aware of during his employment with Meridian.

    iii.    That Defendant Puchalsky is prohibited from using, relying upon, or disclosing to Defendant Gapp, or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by Defendant Puchalsky in the course of or arising out of their employment by Meridian.

    iv.    For an accounting of all monies and profits realized by Defendant Puchalsky as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

    v.    For an Order restraining Defendant Puchalsky from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

    vi.    For an Order requiring Defendant Puchalsky to maintain and preserve all computerized or other electronically stored information on their business and home computers.

      vii.    For an Order requiring Defendant Puchalsky to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.  For monetary damages in an amount equal to the loss sustained by Meridian as a result of Defendant Puchalsky's misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.  For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendant Puchalsky and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendant Puchalsky engaged in any fraudulent or intentional misconduct; and

D.  Award of costs associated with Meridian's computer investigation; and

E.  For further relief the Court deems just and reasonable.

**COUNT VI**
**BREACH OF CONTRACT**
**(Defendant Dobelmann)**

117.    Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

118.    Defendant Dobelmann agreed to abide by the terms of her respective Confidentiality and Non-Disclosure Agreements.

119.    The Confidentiality and Non-Disclosure Agreements constitute valid enforceable contracts supported by adequate consideration.

120.    The provisions contained in Defendant Dobelmann's Confidentiality and Non-Disclosure Agreements are reasonable and no greater than fairly required to protect and preserve Meridian's legitimate protectable interests in its Confidential Information and Trade Secrets.

121.    Meridian has fulfilled all of its obligations under the Confidentiality and Non-Disclosure Agreements and all other conditions precedent to the operation of the agreements have occurred or taken place.

122.    UMEC is a third-party beneficiary to the Confidentiality and Non-Disclosure Agreements.

123.    Defendant Dobelmann violated the provisions of her respective Confidentiality and Non-Disclosure Agreements.

124.    Plaintiffs have been damaged and will continue to be damaged by Defendant Dobelmann's breach of her respective Confidentiality and Non-Disclosure Agreements.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant Dobelmann, under this count of Plaintiffs' Complaint as follows:

A.    Defendant Dobelmann be preliminarily and permanently enjoined and restrained as follows:

i.    That Defendant Dobelmann will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

ii.    That Defendant shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendant Dobelmann obtained, learned, created, or was made aware of during his employment with Meridian.

iii.    That Defendant Dobelmann is prohibited from using, relying upon, or disclosing to Defendant Gapp, or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by Defendant Dobelmann in the course of or arising out of their employment by Meridian.

iv.    For an accounting of all monies and profits realized by Defendant Dobelmann as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

     v.   For an Order restraining Defendant Dobelmann from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

     vi.  For an Order requiring Defendant Dobelmann to maintain and preserve all computerized or other electronically stored information on their business and home computers.

     vii. For an Order requiring Defendant Dobelmann to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.  For monetary damages in an amount equal to the loss sustained by Meridian as a result of Defendant Dobelmann's misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.  For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendant Dobelmann and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendant Dobelmann engaged in any fraudulent or intentional misconduct; and

D.  Award of costs associated with Meridian's computer investigation; and

E.  For further relief the Court deems just and reasonable.

## COUNT VII
## TORTIOUS INTERFERENCE WITH CONTRACT

125.    Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

126.    Meridian had ongoing contractual relationships with Defendants Puchalsky and Dobelmann as outlined above.

127.    Further, Meridian has ongoing contractual relationships with its clients.

128.    UMEC is a third-party beneficiary to the contractual relationships with Defendants Puchalsky and Dobelmann, and Meridian's clients as outlined above.\

129.    Defendants were at all times aware of those relationships.

130.    Defendants had an obligation not to interfere with those relationships.

131.    Defendants intentionally and without justification interfered with Meridian and Defendants Puchalsky's and Dobelmann's contractual relationships by permitting and encouraging Defendants Puchalsky and Dobelmann to use and disclose Meridian's Confidential Information and Trade Secrets.

132.    Further, Defendants intentionally and without justification interfered with Meridian's contractual relationships with their clients by permitting and encouraging Defendants Puchalsky and Dobelmann to use and disclose Meridian's Confidential Information and Trade Secrets to gain a competitive advantage for Defendant Gapp in soliciting those clients.

133.    As a consequence of the foregoing, Plaintiffs have been damaged, and have suffered and will continue to suffer immediate and irreparable harm and loss.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, under this count of Plaintiffs' Complaint as follows:

A.  Defendants be preliminarily and permanently enjoined and restrained as follows:

    i.    That Defendants will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

    ii.    That Defendants shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendants obtained, learned, created, or was made aware of during their employment with Meridian.

    iii.    That Defendants are prohibited from using, relying upon, or disclosing to Defendant Gapp or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by

Defendants Puchalsky or Dobelmann in the course of or arising out of their employment by Meridian.

iv.    For an accounting of all monies and profits realized by Defendants as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

v.    For an Order restraining Defendants from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

vi.    For an Order requiring Defendants to maintain and preserve all computerized or other electronically stored information on their business and home computers.

vii.    For an Order requiring Defendants to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.    For monetary damages in an amount equal to the loss sustained by Plaintiffs as a result of Defendants' misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.    For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendants and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendants engaged in any fraudulent or intentional misconduct; and

D.    Award of costs associated with Meridian's computer investigation; and

E.    For further relief the Court deems just and reasonable.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

134.    Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

135.    Meridian has an ongoing business relationship with its clients and vendors as outlined above.

136.    Defendants Puchalsky and Dobelmann, by virtue of their positions with Meridian, and Defendant Gapp, by virtue of its relationship with Puchalsky and Dobelmann, were aware of

Meridian's relationships with their clients and vendors, and were privy to Meridian's Confidential Information and Trade Secrets.

137.    Defendants had an obligation to not interfere with those relationships.

138.    Defendants intentionally and without justification interfered with Meridian's business relationships by utilizing Meridian's Confidential Information and Trade Secrets to Defendant Gapp's competitive advantage.

139.    As a consequence of the foregoing, Plaintiffs have been damaged, and have suffered and will continue to suffer immediate and irreparable harm and loss.

WHEREFORE, Plaintiffs pray for judgment in its favor and against Defendants, under this count of Plaintiffs' Complaint as follows:

A.  Defendants be preliminarily and permanently enjoined and restrained as follows:

    i.  That Defendants will keep at all times confidential and shall not divulge, reveal or disclose any of Meridian's trade secrets, confidential or proprietary information including, but not limited to, discoveries, patentable and non-patentable ideas, concepts, software in various stages of development, design, drawings, formulae, specifications, techniques, technology, processes, procedures, "know how", marketing techniques and materials, marketing and development plans, customer names and other information related to customers, price lists, pricing policies and financial information, as well as any information described above which Meridian treats as proprietary or confidential information.

    ii.  That Defendants shall return to Meridian all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information, including trade secrets documents concerning Meridian's customers or vendors, that Defendants obtained, learned, created, or was made aware of during their employment with Meridian.

    iii.  That Defendants are prohibited from using, relying upon, or disclosing to Defendant Gapp or any affiliate or any other person or legal entity any trade secret Information or confidential information of Meridian acquired by Defendants in the course of or arising out of their employment by Meridian.

iv.    For an accounting of all monies and profits realized by Defendants as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

v.    For an Order restraining Defendants from deleting, destroying, or otherwise duplicating or copying any of Meridian's electronic information.

vi.    For an Order requiring Defendants to maintain and preserve all computerized or other electronically stored information on their business and home computers.

vii.    For an Order requiring Defendants to immediately return all Meridian information currently in their possession, whether in electronic or hard copy form.

B.    For monetary damages in an amount equal to the loss sustained by Plaintiffs as a result of Defendants' misappropriation and wrongful use or disclosure of Meridian's trade secrets, according to proof at trial, including lost profits to Plaintiffs;

C.    For punitive damages and for attorney's fees in an amount fair and reasonable under the circumstances and to deter Defendants and others from any continuation, repetition, related misconduct in violation of Meridian's rights and interests in Meridian's trade secrets or other electronic information to the extent Defendants engaged in any fraudulent or intentional misconduct; and

D.    Award of costs associated with Meridian's computer investigation; and

E.    For further relief the Court deems just and reasonable.

## COUNT IX
## UNJUST ENRICHMENT

140.    Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

141.    Defendants received a benefit from the unauthorized use and disclosure of Meridian's Confidential Information and Trade Secrets as outlined above.

142.    The benefit conferred on Defendants by the use and disclosure of Meridian's Confidential Information and Trade Secrets was conferred at the expense of Plaintiffs.

143.     It would be unjust for Defendants to retain the benefits conferred on them by the unauthorized use and disclosure of Meridian's Confidential Information and Trade Secrets, because Defendants acted for the purpose of diverting business opportunities away from Plaintiffs to Defendants.

WHEREFORE, Plaintiffs pray for judgment in its favor and against Defendants under this count of Plaintiffs' Complaint for punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

## COUNT X
## CONVERSION

144.     Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

145.     Defendants have assumed the right of ownership over Meridian's personal property, including its Confidential Information and Trade Secrets, as outlined above.

146.     The assumption by Defendants of right of ownership over the personal property as listed above was without authorization by Meridian and Defendants have continued to exercise ownership of said property even though Meridian has made a demand for return of said property and Defendants have been under an obligation to return said property.

WHEREFORE, Plaintiffs prays for judgment in its favor and against Defendants under this count of Plaintiffs' Complaint for punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

## COUNT XI
## CIVIL CONSPIRACY

147.     Plaintiffs incorporate herein by reference all previous and subsequent paragraphs of this Complaint as though fully set forth herein.

148.    Defendants conspired with one another to misappropriate Meridian's Confidential Information and Trade Secrets and to compete unfairly against Plaintiffs in violation of Defendants' legal obligations to Plaintiffs.

149.    Defendants committed numerous overt acts in furtherance of the conspiracy as outlined above.

150.    As a direct result of the foregoing conduct, undertaken by Defendants, Defendants have caused and continue to cause damages to Plaintiffs, including but not limited to attorneys' fees and costs expended that will be expended in the future by Plaintiffs to enforce their legal rights.

151.    Defendants' conspiracy was willful and malicious and performed with an evil motive and with reckless indifference to the rights of others, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs pray for judgment in its favor and against Defendants under this count of Plaintiffs' Complaint for punitive damages and for attorney's fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

Respectfully submitted,
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Burton D. Garland Jr.*
Burton D. Garland, Jr. 46720MO
Sean J. Oliveira, 72056MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
Burton.Garland@ogletree.com
Sean.Oliveira@ogletree.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>VERIFICATION</u>

I, Greg Toumayan, Chief Operating Officer of  Universal Meridian E-Commerce, Inc. and Meridian Enterprises, Inc., verify under penalty of perjury the factual matters alleged in the Verified Complaint in this action are true to the best of my knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed on March 19, 2021

_____
Greg Toumayan

46409126.1